936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
R.M. BELL, Petitioner-Appellant,
v.
CITY AND COUNTY OF DENVER, Respondent-Appellee.
 No. 90-1019.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1991.
 
 Before McKAY, SETH and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Robert Mark Bell appeals from the district court's order of dismissal of his petition for habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254, in which he sought relief from his jury conviction on charges of assault, disturbing the peace, and destruction of private property. In his request for habeas relief, petitioner claims he was denied appointment of counsel and was refused a copy of his trial transcript, thereby adversely affecting his right to appeal.
 
 
 3
 While awaiting sentence, petitioner filed a writ of habeas corpus with the federal district court which was subsequently dismissed without prejudice for failure to exhaust state remedies. Following fifteen days of confinement for psychiatric evaluation, petitioner's sentence was deferred providing he comply with probation for six months and receive recommended psychiatric treatment. He then pursued appeals in the state district court, the Colorado Court of Appeals, and the Colorado Supreme Court. Following denial of certiorari by the Colorado Supreme Court on September 5, 1989, petitioner filed a second petition for writ of habeas corpus in the federal district court. The district court adopted the recommendation of the United States magistrate that petitioner's action be dismissed on the grounds that (1) petitioner was not in custody at the time the action was filed, and (2) petitioner had failed to exhaust his state remedies. It is these grounds for dismissal that petitioner appeals. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 Jurisdiction over habeas corpus petitions is established by 28 U.S.C. Sec. 2241 which states, "[t]he writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States...." 28 U.S.C. Sec. 2241(c) (emphasis added). It is well established that custody is determined from the date that a habeas petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The writ of habeas corpus does not act upon the petitioner, but upon the person who holds him in custody. " '[T]he traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody.' " Lefkowitz v. Fair, 816 F.2d 17, 23 (1st Cir.1987) (quoting Preiser v. Rodriquez, 411 U.S. 475, 486 n. 7 (1973)). Although the custody provision does not require actual physical restraint, petitioner must be subject to "restraints not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963).
 
 
 5
 At the time petitioner filed his second habeas petition on October 6, 1989, his probationary period had expired, and he was no longer in custody or subject to any other restraints. Petitioner contends, however, that because he was in custody when he filed his first writ of habeas corpus immediately following his conviction, retention of jurisdiction by the district court should be implied for purposes of his second writ.
 
 
 6
 We concur with the reasoning of the First Circuit, under very similar facts, that retention of jurisdiction, pending exhaustion of state remedies, is a matter left to the court's discretion. Tinder v. Paula, 725 F.2d 801, 805 (1st Cir.1984). When petitioner filed his first action without having exhausted his state remedies, the district court had no choice but to dismiss. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 510 (1982). Absent an express intent by the court to retain jurisdiction pending state exhaustion, petitioner must "completely begin [his] quest for relief anew." Grace v. Butterworth, 635 F.2d 1, 10 (1st Cir.1980), cert. denied, 452 U.S. 917 (1981).
 
 
 7
 Although we sympathize with petitioner's plight, his inability to present his arguments regarding the fairness of his trial to a federal court is not the kind of situation which the habeas corpus writ was created to address. See Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). We therefore agree with the district court's determination. Petitioner's custody had unconditionally ended at the time he filed for habeas relief, and consequently, the district court was without subject matter jurisdiction to consider his petition.
 
 
 8
 In light of our determination above that the district court lacked subject matter jurisdiction, we need not decide whether petitioner exhausted his state remedies. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3