955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald WEAVER, Petitioner-Appellant,
v.
Dareld KERBY, Warden, Respondent-Appellee.
 No. 91-2163.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Gerald Weaver appeals an order of the district court dismissing his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. On appeal, Weaver contends that the deduction of money from his inmate account renders him "in custody" for purposes of 28 U.S.C. § 2254. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Because habeas corpus relief is designed to obtain release from illegal custody, it can only be invoked where a petitioner challenges the conviction that causes him to be in custody at the time the petition is filed. See Maleng v. Cook, 109 S.Ct. 1923, 1925 (1989). In this case, Weaver is not challenging his underlying conviction, but rather a deduction from his inmate account, which is in the nature of a civil fine. A fine does not deprive an individual of liberty, and, therefore, does not render a person "in custody" for purposes of 28 U.S.C. § 2254. See Tinder v. Paula, 725 F.2d 801, 804 (1st Cir.1984); Spring v. Caldwell, 692 F.2d 994, 996-98 (5th Cir.1982).
 
 
 4
 Accordingly, we GRANT the certificate of probable cause and AFFIRM the district court's order dismissing Weaver's habeas corpus petition for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3