33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William M. MCCLENNY, Jr., Plaintiff-Appellant,
v.
Edward W. MURRAY, Respondent-Appellee.
 No. 94-6503.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 2, 1994.
Decided: August 30, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-93-495-R)
 William M. McClenny, Jr., Appellant Pro Se.
 Robert Quentin Harris, Assistant Attorney General, Richmond, Virginia, for Appellee.
 W.D.Va.
 VACATED AND REMANDED.
 OPINION
 Before HALL and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William M. McClenny, Jr., seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. McClenny was tried and convicted of forgery, uttering, and larceny by fraud. The jury recommended sentences of $2500 in fines for each conviction. The state court judge suspended the fines on two of the convictions, imposed the fine on the third conviction, placed McClenny on probation for three years, and ordered that McClenny serve 180 hours of community service. No imprisonment term was ever imposed.
 
 
 2
 After exhausting the available state remedies, McClenny filed a petition for habeas relief pursuant to 28 U.S.C.Sec. 2254 (1988), alleging ineffective assistance of counsel. Respondent moved to dismiss on the grounds that McClenny was not "in custody" pursuant to Sec. 2254(a) such that the district court had jurisdiction to entertain his petition. Analogizing this case to a "fine-only" case, the district judge denied McClenny's motion for relief under 28 U.S.C.Sec. 2254, and dismissed the action based on lack of jurisdiction. McClenny timely appealed. For the reasons stated below, we grant a certificate of probable cause to appeal, vacate the district court's order, and remand the case for further proceedings.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 2254(a), federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody" in violation of the laws, treaties, or Constitution of the United States. The custody requirement must be established at the time petitioner files his petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).
 
 
 4
 Penalties that do not provide a restraint or the imminent threat of restraint do not meet the custody requirement. However, courts have held that a parolee is "in custody" under an unexpired sentence, Jones v. Cunningham, 371 U.S. 236, 242-43 (1963), as are probationers. Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984). The rationale behind these holdings is that "the possibility that probation or parole will be revoked and the individual will be incarcerated for the remainder of the sentence is ever imminent." Tinder v. Paula, 725 F.2d at 803 (citing Jones v. Cunningham, 371 U.S. at 242). Because there is only a remote and speculative possibility that a court will resort to imprisonment in fine-only convictions, and because individuals subject to fines maintain greater control over the threat of imprisonment, habeas relief is not available in those cases. Tinder v. Paula, 725 F.2d at 804-05; see also Wright v. Bailey, 544 F.2d 737, 739 (4th Cir.1976), cert. denied, 434 U.S. 825 (1977).
 
 
 5
 Here, the district court determined that because the state judge suspended two of the jury's sentences of fines, imposing one fine, probation, and community service, it lacked federal habeas jurisdiction. Specifically, the district court held that the threat that McClenny's probation would be revoked and imprisonment imposed to enforce payment of the fine was too speculative to meet the "in custody" jurisdictional requirement.
 
 
 6
 The record reflects that the state court held a show cause hearing based on McClenny's failure to contact the probation and parole officer, to pay his fines, to perform his community service, and to keep the state court timely apprised of the adverse rulings on his postconviction petitions. McClenny was found guilty of a probation violation. The state court revoked the suspension of the two suspended fine sentences, and in accordance with the jury's verdicts, McClenny was sentenced to pay the fines of $2500, and the court costs, in each case. In addition, McClenny was ordered to submit to a blood analysis, in accordance with state procedures. The order reflects that McClenny's commencing status and his concluding status were "on probation."
 
 
 7
 We find that the district court erred in its determination that McClenny was not "in custody." First, the record is clear that the state court sentenced McClenny to probation. Moreover, the record reflects that not only was McClenny on probation both before and after the show cause hearing, but he was subject to certain restraints on his liberty, including being forced to appear before the court for a probation violation, being subject to supervision by the court and the probation department, and being subjected to a court-ordered blood test.
 
 
 8
 The fact that no term of imprisonment was imposed on McClenny is not the proper inquiry. Rather, the pertinent query is whether McClenny's status subjects him to a restraint on his liberty, or the imminent threat of such a restraint. See Jones v. Cunningham, 371 U.S. at 237; Tinder v. Paula, 725 F.2d at 804. We find that McClenny's status as a probationer, notwithstanding the jury's recommended "fine-only" sentence, establishes the "in custody" requirement for Sec. 2254 jurisdiction. Accordingly, we grant a certificate of probable cause to appeal, and vacate the district court's order dismissing the petition.*
 
 
 9
 We remand the case to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 To the extent McClenny asserts that the "in custody" requirement is met based on revocation of his license to practice law, we find that the district court properly rejected this contention. See Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir.1987); Lillios v. New Hampshire, 788 F.2d 60, 61 (1st Cir.1986). However, the suspension of his law license is relevant in that it is a collateral consequence of the conviction; his habeas petition will not be rendered moot by the imminent expiration of his probation. Carafus v. LaVallee, 391 U.S. at 237-38