**Diane BARNICKEL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 96–1818.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 21, 1996.

Decided May 9, 1997.

Richard H. Parsons (argued), Office of the Federal Public Defender, Springfield, IL, for Petitioner–Appellant.

Gerard A. Brost (argued), Office of the United States Attorney, Peoria, IL, for Respondent–Appellee.

Before MANION, DIANE P. WOOD, and EVANS, Circuit Judges.

DIANE P. WOOD, Circuit Judge.

After pleading guilty to one count of bank fraud, Diane Barnickel was sentenced to 24 months' imprisonment, four years' supervised release, a fine of $3,000, and restitution in the amount of $52,571.01. She did not take a direct appeal from her conviction or sentence, but approximately three months after the court imposed its sentence she brought the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The district court denied her motion, and we affirm for two independent reasons. First, her challenges to the sentence are neither based on the Constitution nor do they otherwise rise to the level of fundamental error necessary for § 2255 relief; and second, her arguments on appeal relate only to the restitution component of her sentence, which is also not cognizable under § 2255.

Barnickel undertook her fraudulent scheme while she was working as a bookkeeper for McCormick Contracting, Inc., of Minonk, Illinois. Between May of 1992 and July of 1993, she falsified numerous checks drawn on McCormick's account at the Minonk State Bank and pocketed the money. In order to prevent detection, she altered McCormick's books so that it appeared that her checks were for legitimate company ex-

penses. After her plea of guilty to bank fraud in violation of 18 U.S.C. § 1344, the court ordered a presentence report (PSR). Among other things, the PSR set forth the following list of the losses McCormick suffered as a result of Barnickel's fraud:

| | |
|---|---|
| Checks drawn on Minonk State Bank | $41,658.14 |
| Mastercard account | 3,216.26 |
| American Express account | 7,104.22 |
| Woodford FS, Eureka, IL | 118.17 |
| Yordy's True Value Hardware, Minonk | 322.12 |
| Furrow's Building Supplies, Bloomington, IL | 1,551.26 |
| AT & T | 411.79 |
| United Parcel Service | 62.55 |
| Money Orders, Minonk State Bank1, | 1,452.50 |
| TOTAL | $55,896.01 |

According to the government, it was appropriate to include the amounts paid to the seven vendors other than Minonk State Bank because Barnickel used those credit cards and store accounts to steal funds belonging to McCormick during the same time period alleged in the information and plea agreement.

The district court ultimately ordered her to pay restitution in the amount of $52,571.01, which represented the amount from the PSR, less $3,000 (the amount of the criminal fine imposed) and less an additional $325 from the money order line. As noted, she did not take a direct appeal. Instead, she filed the present § 2255 motion, claiming that her sentence was constitutionally defective in three respects: (1) her trial lawyer led her to believe that she would be pleading guilty to only one check for $2,148 rather than the full amount of money, which made her plea involuntary; (2) counsel failed at sentencing to object to the inclusion of certain business expenses in the amounts at issue; and (3) counsel also failed at sentencing to object to the inclusion of the store and credit card account losses on the ground that they were unrelated to the bank fraud. The district court found that she failed to show that counsel's performance fell below the "wide range of professional assistance" tolerated under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He concluded that Barnickel was lying when she claimed that her lawyer had not informed her of the full scope of her potential liability. On the second point, the judge found that Barnickel failed to meet her burden of proof, as she had not obtained any

expense reports or other evidence that might have shown that the expenses were legitimate. The court did not specifically address her third point under the performance part of Strickland, but it concluded that in any event Barnickel had not shown prejudice under this Circuit's rule in *Durrive v. United States*, 4 F.3d 548, 551 (7th Cir.1993). The disputed credit card and store charges totaled only $12,785.37, less than one-fourth of the total restitution award, and they did not affect her confinement at all. The court therefore denied her motion.

Before this court, as noted above, Barnickel attacks only the restitutionary part of her sentence. As she now phrases it, she asserts that the district court erred in concluding that it lacked jurisdiction to reach the merits of her claim on the scope of the restitution order because it found that she had not proven ineffective assistance of counsel. In addition, she presents her argument on the merits of that claim and argues that the court erred in imposing a restitution order that she cannot possibly satisfy given her financial resources (a claim that the district court had found she failed to raise in either her original or amended § 2255 petition).

We conclude that her claims are barred by two fundamental defects. First, before she can obtain relief under § 2255, she must satisfy the requirements for obtaining collateral relief. This means that she must demonstrate that the alleged error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). It is clear that her arguments are neither jurisdictional nor constitutional, because they relate only to the question whether the district court correctly ascertained the losses that were caused by the conduct to which she pleaded guilty for purposes of the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(1)(A). Under the Supreme Court's decision in *Hughey v. United States*, 495 U.S. 411, 413, 110 S.Ct. 1979, 1980, 109 L.Ed.2d 408 (1990), an award of restitution under this statute is available only for "the loss caused by the specific conduct that is the basis of the offense of conviction." Barnickel's argu-

ment that the district court swept too much conduct into its calculation was something she could have raised on direct appeal, but it does not rise to the level of a constitutional violation.

Neither does this qualify as a "fundamental defect which inherently results in a complete miscarriage of justice." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992) (internal quotations omitted). See also *United States v. Biberfeld,* 957 F.2d 98, 102 (3d Cir.1992). Nonconstitutional claims like this one, which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account. See *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir.1988). As we have often noted, § 2255 is not a substitute for a direct appeal. See, *e.g., Qualls v. United States,* 774 F.2d 850, 851 (7th Cir. 1985) (citing *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 2239–40, 60 L.Ed.2d 805 (1979)).

■ Barnickel also faces another fundamental problem with this petition. Although she raised claims at the district court level that would have affected the period of her incarceration, on appeal she challenges only the order of restitution. It has been well established both in this Circuit and in others for some time that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. See, *e.g., Hanson v. Circuit Court,* 591 F.2d 404, 407 (7th Cir.1979); *Tinder v. Paula,* 725 F.2d 801, 804 (1st Cir.1984) (citing cases). In *Tinder,* the First Circuit held that continuing liability under a restitution order was, "like a fine-only conviction, ... not a serious restraint on ... liberty as to warrant habeas relief." *Id.* at 805. That court recently took matters one step further in *Smullen v. United States,* 94 F.3d 20 (1st Cir.1996), when it held that a criminal defendant who was in custody could not, under § 2255, challenge a restitution order imposed as part of a sentence that also included an incarceration component. It reasoned that the relief requested in such a case did not qualify as a "right to be released," as required by § 2255 itself.

We find the First Circuit's reasoning in *Smullen* persuasive. We note that the unavailability of relief under § 2255 does not leave a deserving petitioner entirely without recourse. In *United States v. Mischler,* 787 F.2d 240 (7th Cir.1986), this court approved the use of a writ of error coram nobis to challenge a restitution order that was based on inaccurate information. We hasten to add, however, that coram nobis is itself an extraordinary remedy, which (like habeas corpus) cannot be used to reach issues that could have been raised by direct appeal and which, although not limited by the "in custody" requirement of habeas corpus, has its own set of hurdles to surmount. See generally *United States v. Keane,* 852 F.2d 199 (7th Cir.1988) (discussing coram nobis in detail). We hold here only that § 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence.

For the reasons stated, we AFFIRM the judgment of the district court.