UNITED STATES of America,
Respondent,

v.

John ZARAGOZA, Petitioner.

Nos. 2:98 CV 182, 2:93 CR 103.

United States District Court,
N.D. Indiana,
Hammond Division.

July 30, 1998.

John Zaragoza, Chicago, IL, pro se.

## ORDER

MOODY, District Judge.

On June 24, 1998, defendant John Zaragoza filed a "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." Zaragoza pleaded guilty to, and on April 16, 1996, was sentenced for, racketeering in violation of 18 U.S.C. § 1962(c). The Court of Appeals affirmed Zaragoza's conviction on June 25, 1997, see *United States v. Zaragoza,* 117 F.3d 342 (1997), making the present motion timely.

RULE 4 of the RULES GOVERNING § 2255 PROCEEDINGS requires the court to promptly examine the motion. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

A motion under § 2255 allows a federal prisoner "in custody ... claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction ..., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under § 2255 is reserved for extraordinary situations, and so a § 2255 motion serves as neither a substitute for, nor supplement to, a direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996).

Zaragoza invades this court's forum in the Trojan horse of 2255 petitions: a claim of ineffective assistance of counsel. Zaragoza's real issue is that this court made several errors when imposing restitution as part of his sentence. Thus, Zaragoza contends his trial and appellate attorneys were ineffective for failing to raise the following errors: first, that several "victims" suffered no actual out-of-pocket loss, and so no restitution should have been ordered as to them; second, that civil judgments obtained by some victims could require Zaragoza to pay the same obligation twice, and; third, that Zaragoza should not be held responsible for victims losses from which other defendants, but not Zaragoza, derived monetary benefits.

Whether or not any of these contentions are correct (and the court believes they are not), appropriate relief would be an amendment to the court's order of restitu-

tion, not release from custody. Under these circumstances, even when errors in restitution are raised as the basis of an ineffective assistance claim, the Court of Appeals has held that "§ 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence." *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997).

For this reason, Zaragoza is entitled to no relief via § 2255, and so his § 2255 motion is **DENIED.** The clerk shall enter a final judgment dismissing this action with prejudice.

**SO ORDERED.**