**Dennis OBADO, Appellant**

v.

**STATE of NEW JERSEY; Attorney General of the State of New Jersey.**

No. 02–4080.

United States Court of Appeals, Third Circuit.

Submitted Under 28 U.S.C. § 2253(c)(1) Feb. 6, 2003.

Filed May 9, 2003.

Before BECKER,* Chief Judge, ALDISERT and WEIS, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

Appellant Dennis Obado petitions this Court for the issuance of a certificate of appealability (COA) from the District Court's dismissal of his habeas corpus peti-

* Judge Becker completed his term as Chief  Judge on May 4, 2003.

tion for want of subject matter jurisdiction, pursuant to 28 U.S.C. § 2253. For the following reasons, we will decline to issue a COA.

## I.

In 1990, Dennis Obado was convicted in the Superior Court of New Jersey, Middlesex County, for possession of CDS[1] with the intent to distribute on or near a school zone. Obado was sentenced to 364 days imprisonment and 4 years probation. On May 31, 2002, Obado filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he conceded he was no longer in confinement. Upon an order to show cause, Obado argued that, because he was still paying restitution as a term of his probation, he was "in custody" for the purposes of § 2254(a).

The District Court dismissed the action for lack of subject matter jurisdiction, ruling that Obado was no longer "in custody" within the meaning of the habeas statute when he filed his section 2254 petition, and that neither the possibility of collateral consequences nor existence of an outstanding fine or restitution are themselves sufficient to render a person "in custody" for the purpose of habeas relief. Obado timely appealed.

## II.

28 U.S.C. § 2254, gives federal courts jurisdiction to entertain habeas corpus petitions from individuals who are "in custody" pursuant to a state court judgment. 28 U.S.C. § 2254(a). Before an appeal of a district court's denial of a habeas petition, a prisoner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Because petitioner has not "sho[wn] that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," we decline to issue a COA. *Miller–El v. Cockrell,* — U.S. ——, ——, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003)(internal citation, quotation omitted).

## III.

While the "in custody" requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed. *See Maleng v. Cook,* 490 U.S. 488, 490–92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision." *Barry v. Bergen County Probation Dept.,* 128 F.3d 152, 160 (3d Cir.1997) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), and *Tinder v. Paula,* 725 F.2d 801, 803 (1st Cir. 1984)).

Several courts have held that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. *See, e.g., Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997); *Tinder,* 725 F.2d at 804 (1st Cir.1984) (citing cases). Particularly relevant to the instant case is the reasoning in *Tinder,* where the First Circuit held

---

**1.** It is not clear from the District Court record just what "CDS" is.

that continuing liability under a restitution order was, "like a fine-only conviction, ... not a serious restraint on ... liberty as to warrant habeas relief." *Id.* at 805.

■ In the present appeal, Obado argues that the restitutionary payments he makes are sufficient to meet the jurisdictional requirements of § 2254.[2] Following the reasoning in *Tinder,* we disagree. At the time Obado filed his § 2254 petition in May 2002, he had long completed his prison sentence. He is no longer subject to the terms of his probation, nor is his conduct subject to the supervision of the probation authorities. The payment of restitution or a fine, absent more, is not the sort of "significant restraint on liberty" contemplated in the "custody" requirement of the federal habeas corpus statutes.

The unavailability of habeas relief does not leave deserving petitioners entirely without recourse because they may be able to bring claims via a writ of error *coram nobis.* The status of that writ is a murky one. Rule of Civil Procedure 60(b) purported to abolish the writ. However, in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the Supreme Court relied on the existence of *coram nobis* despite Rule 60(b), and the writ has been utilized on numerous occasions by the lower federal courts since that time. Although the remedy has been described as a "hybrid," *see* 3 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 592 (2d ed. Supp. 2003), we have noted that Rule 60(b) "abolished the writ of *coram nobis* in civil cases." *United States v. Stoneman,* 870 F.2d 102, 106 n. 6 (3d Cir.1989).

■ We have concluded that to qualify for relief under *coram nobis* after a sentence has been served, the petitioner must show exceptional circumstances and continuing collateral disadvantages. *United States v. Osser,* 864 F.2d 1056, 1059 (3d Cir.1989). Moreover, *coram nobis* is not available when a petitioner is in custody and may not be used to avoid AEDPA's gatekeeping requirements. *United States v. Baptiste,* 223 F.3d 188, 189–90 (3d Cir. 2000).

Four Courts of Appeals have held that *coram nobis* is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir.1992) (*coram nobis* applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir.1982) (same); *Thomas v. Cunningham,* 335 F.2d 67, 69 (4th Cir.1964) (same); *Rivenburgh v. Utah,* 299 F.2d 842, 843 (10th Cir.1962) (*coram nobis* petition set forth no claim for relief cognizable in federal court).

We agree with those cases. Obado can seek *coram nobis* relief only in state court.

For the foregoing reasons, we will deny the application for a certificate of appealability.

---

**2.** Obado also argues that his conviction imposes continuing restraints on his liberty by depriving him of his right to enlist in the military, to vote, and to serve on a jury. In addition, he claims that his conviction cost him a substitute teaching position in an elementary school. However, the Supreme Court in *Maleng,* 490 U.S. at 492, 109 S.Ct. 1923, rejected the notion that after a prisoner's sentence has expired, collateral consequences of the conviction, such as inability to vote, engage in certain businesses, hold public office or serve as a juror, constitute "custody" for habeas corpus purposes.