

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2003

# Obado v. State of NJ

Precedential or Non-Precedential: Precedential

Docket 02-4080

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Obado v. State of NJ" (2003). *2003 Decisions.* Paper 510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed May 9, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4080

DENNIS OBADO,
*Appellant*

v.

STATE OF NEW JERSEY; ATTORNEY
GENERAL OF THE STATE OF NEW JERSEY

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 02-cv-2646)
District Judge: Honorable Faith S. Hochberg

Submitted Under 28 U.S.C. § 2253(c)(1)
February 6, 2003

Before: BECKER,* *Chief Judge*, ALDISERT and WEIS,
*Circuit Judges*

(Filed: May 9, 2003)

**OPINION OF THE COURT**

PER CURIAM:

Appellant Dennis Obado petitions this Court for the
issuance of a certificate of appealability (COA) from the
District Court's dismissal of his habeas corpus petition for

---

* Judge Becker completed his term as Chief Judge on May 4, 2003.

want of subject matter jurisdiction, pursuant to 28 U.S.C. § 2253. For the following reasons, we will decline to issue a COA.

## I.

In 1990, Dennis Obado was convicted in the Superior Court of New Jersey, Middlesex County, for possession of CDS[1] with the intent to distribute on or near a school zone. Obado was sentenced to 364 days imprisonment and 4 years probation. On May 31, 2002, Obado filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he conceded he was no longer in confinement. Upon an order to show cause, Obado argued that, because he was still paying restitution as a term of his probation, he was "in custody" for the purposes of § 2254(a).

The District Court dismissed the action for lack of subject matter jurisdiction, ruling that Obado was no longer "in custody" within the meaning of the habeas statute when he filed his section 2254 petition, and that neither the possibility of collateral consequences nor existence of an outstanding fine or restitution are themselves sufficient to render a person "in custody" for the purpose of habeas relief. Obado timely appealed.

## II.

28 U.S.C. § 2254, gives federal courts jurisdiction to entertain habeas corpus petitions from individuals who are "in custody" pursuant to a state court judgment. 28 U.S.C. § 2254(a). Before an appeal of a district court's denial of a habeas petition, a prisoner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner has not "sho[wn] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," we decline to issue a

---

1. It is not clear from the District Court record just what "CDS" is.

COA. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003)(internal citation, quotation omitted).

### III.

While the "in custody" requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-92 (1989). The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to "significant restraints on liberty . . . which were not shared by the public generally," along with "some type of continuing governmental supervision." *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir. 1997) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240, 242 (1963), and *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984)).

Several courts have held that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. *See, e.g., Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder*, 725 F.2d at 804 (1st Cir. 1984) (citing cases). Particularly relevant to the instant case is the reasoning in *Tinder*, where the First Circuit held that continuing liability under a restitution order was, "like a fine-only conviction, . . . not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* at 805.

In the present appeal, Obado argues that the restitutionary payments he makes are sufficient to meet the jurisdictional requirements of § 2254.[2] Following the

---

2. Obado also argues that his conviction imposes continuing restraints on his liberty by depriving him of his right to enlist in the military, to vote, and to serve on a jury. In addition, he claims that his conviction cost him a substitute teaching position in an elementary school. However, the Supreme Court in *Maleng*, 490 U.S. at 492, rejected the notion that after a prisoner's sentence has expired, collateral consequences of the conviction, such as inability to vote, engage in certain businesses, hold public office or serve as a juror, constitute "custody" for habeas corpus purposes.

reasoning in *Tinder*, we disagree. At the time Obado filed his § 2254 petition in May 2002, he had long completed his prison sentence. He is no longer subject to the terms of his probation, nor is his conduct subject to the supervision of the probation authorities. The payment of restitution or a fine, absent more, is not the sort of "significant restraint on liberty" contemplated in the "custody" requirement of the federal habeas corpus statutes.

The unavailability of habeas relief does not leave deserving petitioners entirely without recourse because they may be able to bring claims via a writ of error *coram nobis*. The status of that writ is a murky one. Rule of Civil Procedure 60(b) purported to abolish the writ. However, in *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court relied on the existence of *coram nobis* despite Rule 60(b), and the writ has been utilized on numerous occasions by the lower federal courts since that time. Although the remedy has been described as a "hybrid," *see* 3 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 592 ( ___ ed. ___ ), we have noted that Rule 60(b) "abolished the writ of *coram nobis* in civil cases." *United States v. Stoneman*, 870 F.2d 102, 106 n.6 (3d Cir. 1989).

We have concluded that to qualify for relief under *coram nobis* after a sentence has been served, the petitioner must show exceptional circumstances and continuing collateral disadvantages. *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1989). Moreover, *coram nobis* is not available when a petitioner is in custody and may not be used to avoid AEDPA's gatekeeping requirements. *United States v. Baptise*, 223 F.3d 188, 189-90 (3d Cir. 2000).

Four Courts of Appeals have held that *coram nobis* is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (*coram nobis* applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (*coram nobis* petition set forth no claim for relief cognizable in federal court).

Those cases, however, involve situations where the petitioner sought relief from convictions in federal courts. Here, a state prisoner seeks relief from a state court conviction. Obado can seek *coram nobis* relief only in state court.

For the foregoing reasons, we will deny the application for a certificate of appealability.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*