DLD-284                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4800
_____

AARON L. BELL,
                              Appellant

v.

UNITED STATES OF AMERICA; STATE OF PENNSYLVANIA;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 13-cv-05533)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2014
Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed:  July 22, 2014)
_____

OPINION
_____

PER CURIAM

        Aaron Bell, proceeding pro se, appeals an order of the United States District Court

for the Eastern District of Pennsylvania dismissing his complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  We will affirm the judgment of the District Court.

In 2003, Bell was convicted of robbery and conspiracy in the Philadelphia County Court of Common Pleas. Bell and another man went to the fast food restaurant where Bell worked, pointed guns at the employees, and demanded money. Bell was sentenced to five to ten years in prison.

In his present complaint, Bell alleges that his sentence expired in April 2012, that he is currently law-abiding, and that he poses no threat to society. He states that since December 2012, he has been the victim of two assaults and robberies and he has been threatened with harm on two other occasions. Bell avers that as a result of federal and state statutes prohibiting possession of a firearm and body armor by a convicted felon, he is without an adequate means to defend himself from the violence of others. Bell seeks, among other things, a declaratory judgment pronouncing these statutes, 18 U.S.C. §§ 922(g)(1), 931 and 18 Pa. Cons. Stat. §§ 6105, 6106, unconstitutional as applied to him. Bell also asserts that his state and federal petitions for collateral review of his conviction were improperly denied. He seeks review of his conviction under the All Writs Act, 28 U.S.C. § 1651.

The District Court did not err in rejecting Bell's constitutional challenges to 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year. We have ruled that the statute is facially valid under the Second Amendment because we must presume, under most circumstances, that felon dispossession statutes regulate conduct which falls outside the Second Amendment's guarantee. See United States v.

2

Barton, 633 F.3d 168, 170-72 (3d Cir. 2011) (discussing District of Columbia v. Heller, 554 U.S. 570 (2008)). Bell's as-applied challenge fails because his circumstances are not distinguishable from those of persons historically barred from Second Amendment protections. Id. at 174. Such protections did not extend to those who were likely to commit violent offenses, id. at 173, and Bell committed a violent felony for which his sentence only recently expired.

We also agree with the District Court that Bell fails to state a claim for a violation of his right to substantive due process based on his contention that the statute and a lack of police protection leave him defenseless against criminals. Bell asserts his due process claim under the "special relationship" doctrine, an exception to the rule that the Due Process Clause does not impose an affirmative duty on a state to protect citizens from private violence. Sanford v. Stiles, 456 F.3d 298, 303-04 (3d Cir. 2006) (per curiam). As recognized by the District Court, this exception has been found to apply when there is a custodial relationship between an individual and the state and no such relationship is present here. Id. at 304 n.4. Bell also asserts his claim under the "state-created danger" exception, but it is third parties, not the operation of the statute or the government, that have created any danger to Bell. See Henry v. City of Erie, 728 F.3d 275, 282-85 (3d Cir. 2013) (explaining that a defendant's actions must be a "fairly direct" cause of harm).

We also conclude, for the reasons stated by the District Court, that Bell's procedural due process claim, claims of violations of the Eighth, Ninth, and Tenth Amendments, and claim that § 922(g)(1) violates the constitutional prohibition on bills of

3

attainder are without merit. We also find no error in the District Court's rejection of Bell's constitutional challenges to 18 U.S.C. § 931, which prohibits a person who has been convicted of a felony that is a "crime of violence" from possessing body armor, 18 Pa. Cons. Stat. § 6105, which prohibits a person who has been convicted of certain offenses, including robbery, from possessing a firearm, and 18 Pa. Cons. Stat. § 6106, which prohibits a person from carrying a firearm in a vehicle or concealed on his person without a license. These challenges fail for essentially the same reasons that Bell's challenges to § 922(g)(1) fail.

Finally, Bell argues that his state and federal petitions for collateral review of his conviction were improperly denied and seeks review of his conviction under the All Writs Act. We agree with the District Court that, to the extent Bell seeks a writ of coram nobis based on the continuing consequences of his conviction, coram nobis is not available to attack a state criminal judgment. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam).

Accordingly, because this appeal does not present a substantial question, we will affirm the judgment of the District Court.