ALD-319                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3031
_____

IN RE:  ALTON HALL CANNON,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 27, 2018

Before:  MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 18, 2018)
_____

OPINION[*]
_____

PER CURIAM

       Alton Cannon filed this pro se petition for a writ of mandamus claiming that the

Delaware state courts have wrongfully subjected him to the requirements of the state's

sex offender registry.  For the reasons that follow, we will deny the mandamus petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1998, Cannon pled guilty in the Delaware Superior Court to various sex offenses. See Matter of Cannon, No. 372, 2018, 2018 WL 4212136, at *1 (Del. Sept. 4, 2018). As part of its sentence, the Superior Court ordered Cannon to register as a sex offender. Id. Since then, Cannon has been charged and convicted of failing to register as a sex offender on various occasions. Id.

On September 4, 2018, the Delaware Supreme Court denied a mandamus petition which sought a declaration that Cannon is not subject to the requirements of the sex offender registry. Id. The Delaware Supreme Court explained that Cannon has "an adequate legal remedy in the Superior Court" which he has failed to pursue, and that, in any event, "he has not established his right to be removed from the registry." Id.

Cannon then filed a mandamus petition here. Although most of Cannon's claims are incoherent, he clearly seeks an order "reversing/overturning the (Judgement) at the State of Delaware Supreme Court," and declaring that he is not subject to the requirements of the sex offender registry. Cannon is not entitled to this extraordinary relief.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be used "only 'to confine an inferior court to a lawful

2

exercise of its prescribed jurisdiction,'" id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)), and our "jurisdiction to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000).

We lack jurisdiction over the mandamus relief that Cannon seeks here, as federal courts generally lack jurisdiction to compel action by a state court. See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise jurisdiction entrusted to it, nor may a federal court (with the exception of the Supreme Court) review a decision of a state tribunal through a writ of certiorari"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (holding district court had no jurisdiction to issue a writ of mandamus compelling action by a state court).[1]

To the extent Cannon's petition is directed at the District Court for the District of Delaware and we have jurisdiction, we deny mandamus relief. A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, Cannon has other adequate means to challenge the requirements of the

---

[1] To the extent Cannon has filed a petition for a writ of error coram nobis, federal courts lack jurisdiction to entertain such petitions where the petitioner seeks to vacate a state court conviction. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam).

3

sex offender registry—either in state court, as the Delaware Supreme Court explained, or through a properly filed federal habeas corpus petition, as appropriate.[2]

Accordingly, we will deny the petition.

---

[2] We, of course, do not make any comment on the viability of any other motion or petition for relief, including a federal habeas petition, that Cannon may choose to file.