In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4236

MICHAEL L. WASHINGTON,

*Petitioner-Appellant*,

*v.*

JUDY P. SMITH,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:08-cv-00111-AEG—**Aaron E. Goodstein**, *Magistrate Judge.*

SUBMITTED JANUARY 30, 2009—DECIDED MAY 8, 2009

Before MANION, KANNE, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* A Wisconsin jury convicted Michael Washington of forgery-uttering. He was sentenced to serve two and a half years in prison and three years of supervision. Additionally, the trial court ordered Washington to pay restitution in the amount of $15,000, as well as other fines and costs. After exhausting his state remedies, Washington filed a petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court denied Washington's petition, but certified an issue for appeal:

whether Washington's attorney provided ineffective assistance with respect to the restitution amount. The district court denied relief on this claim because it does not attack a custodial aspect of Washington's sentence and, thus, does not state a claim for relief under the habeas corpus statutes. We agree and therefore affirm.

A state prisoner may obtain habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74 (2005); *Daniels v. United States*, 532 U.S. 374 (2001). An alternate formulation of this basic principle is that a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254 or § 2255. *Moran v. Sondalle*, 218 F.3d 647 (7th Cir. 2000).

There is no question that Washington was in custody pursuant to a state court judgment when he filed his petition: he was serving his two and a half year sentence of imprisonment and, according to our docket, still is. But Washington's petition—at least the claim certified for appeal—attacks only the calculation of the amount he owes in restitution. In *Barnickel v. United States*, 113 F.3d 704 (7th Cir. 1997), this court ruled that a § 2255 motion—the federal prisoner's equivalent to a § 2254 petition attacking a criminal judgment entered by a state court—is unavailable to challenge a restitution order imposed as

part of a criminal sentence. *Id*. at 706; *see also Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) ("[A] fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes."). Washington couches his claim in the sixth amendment and, thus, adequately alleges a constitutional violation. But should he win, the only possible benefit to him will be a lower payment to his victim; he will still be obligated to serve two and a half years in prison and three years on supervision. Washington's attack on counsel's handling of the restitution amount simply does not state a cognizable claim for relief under § 2254. *See Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim presents no federal issue at all.") (quotation omitted).

The district court judgment is AFFIRMED.