NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011[*]
Decided November 17, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 11-2746

| | |
|---|---|
| CLARENCE B. JACKSON, <br> *Petitioner-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 11-cv-455-DRH |
| DANIEL J. STACK, <br> *Respondent-Appellee*. | David R. Herndon, <br> *Chief Judge*. |

**O R D E R**

Clarence Jackson filed in the district court what he titled as a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. Named as the respondent is an Illinois circuit judge. Jackson contends that unnamed employees of the State of Illinois are at fault for years of discrimination on the basis of race and sex that has limited his opportunities for employment and income. The district court dismissed the action because Jackson is not in custody and so the court lacked subject-matter jurisdiction to grant habeas-corpus relief. We

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

agree that the district court lacked jurisdiction because Jackson is not in custody, *see Bailey v. Hill*, 599 F.3d 976, 978–79 (9th Cir. 2010); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006); *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 674 (7th Cir. 2003), and thus dismissal was proper.

**AFFIRMED**.