**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER A. LIBBY, | No. 11-16547 |
| Petitioner - Appellant, | D.C. No. 3:04-cv-00038-LRH-RAM |
| v. | |
| DWIGHT NEVEN, Warden, High Desert State Prison; CATHERINE CORTEZ MASTO, Attorney General of the State of Nevada, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted June 10, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Roger Libby, a Nevada state prisoner, appeals the district court's order

denying his petition for a writ of habeas corpus. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. §§ 1291 and 2253. We review *de novo* the district court's order denying the petition. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). We affirm.

A.    *Claim One*

The Nevada Supreme Court concluded that the state did not purposefully discriminate against female prospective jurors when exercising its peremptory challenges. *Libby v. State*, 975 P.2d 833, 839 (Nev. 1999) (en banc) (per curiam). The court relied on the gender-neutral explanations proffered by the state's attorney after determining that the *J.E.B.* hearing was not meaningless. *Id.* at 836–37. The decision to hold a hearing almost eight years after jury selection in order to reconstruct the state's reasons for using its peremptory challenges was not contrary to clearly established federal law. *See Crittenden v. Ayers*, 624 F.3d 943, 957–58 (9th Cir. 2010). And the state court's reliance on the testimony elicited at the hearing was not contrary to clearly established federal law, even though the state's attorney used written materials to refresh his recollection. *See Turner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir. 1997), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir. 1999) (en banc). Although the state's attorney did not recall certain details about jury selection, the decision to credit his gender-neutral explanations for how he decided to use his peremptory challenges was not based on an unreasonable determination of the facts under our "doubly

2

deferential" standard of review. *See Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012).

We have conducted our own comparative juror analysis to ascertain whether the Nevada Supreme Court's decision that the state did not purposefully discriminate against female prospective jurors was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2); *see also Murray v. Schriro*, 745 F.3d 984, 1005–06 (9th Cir. 2014); *Jamerson v. Runnels*, 713 F.3d 1218, 1225 (9th Cir. 2013). We compared the reasons proffered by the state's attorney for using his peremptory challenges to excuse seven women to the voir dire transcripts of all of the men whom the state permitted to serve on the jury. *See Miller-El v. Dretke*, 545 U.S. 231, 241–52 (2005). We found significant, gender-neutral differences between the women who were challenged by the state and the men who were permitted to serve. The differences matched the rationales supplied by the state's attorney at the *J.E.B.* hearing.

B.    *Claim Two*

The Nevada Supreme Court held that the trial court did not err in declining to remove a seated juror who had been exposed to publicity about the case and had discussed the case with another person. *Libby v. State*, 859 P.2d 1050, 1056 (Nev. 1993), *vacated sub nom. Libby v. Nevada*, 516 U.S. 1037 (1996). It was not

objectively unreasonable for the state court to credit the juror's statement that she could be fair and impartial even though she disregarded the court's admonishment and failed to voluntarily disclose that she had done so. *See Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998) (en banc) ("The Supreme Court has held that an honest yet mistaken answer to a voir dire question rarely amounts to a constitutional violation; even an intentionally dishonest answer is not fatal, so long as the falsehood does not bespeak a lack of impartiality."). Nor was it objectively unreasonable for the state court to conclude that this was not one of the "extraordinary cases" where a court will presume that a juror is biased because the state court reasonably could have found that the indicia of implied bias were not present. *See id.* at 981–82; *Tinsley v. Borg*, 895 F.2d 520, 528 (9th Cir. 1990).

The Nevada Supreme Court's resolution of Libby's contention that the trial court should have permitted additional voir dire of the seated jurors concerning their compliance with the court's admonishment was not contrary to clearly established federal law. The court agreed that Libby was entitled to additional voir dire under state law, but deemed the error harmless. *Libby*, 859 P.2d at 1056. The court's decision did not rest on federal law. *See id.* Under federal law, "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982); *see*

4

*also Remmer v. United States*, 347 U.S. 227 (1954). As noted in the previous paragraph, the trial court held a hearing on whether one juror was actually biased because there was evidence that she had discussed the case with another person. The decision not to hold additional hearings involving the other seated jurors was not contrary to clearly established federal law because there was no meaningful, individualized evidence that the other jurors might be actually or impliedly biased. "*Remmer* and *Smith* do not stand for the proposition that *any time* evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias." *Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003).

C.    *Claim Three*

The Nevada Supreme Court's decision to deny relief on Libby's claim that the trial court erred by excusing more than one-third of the venire off the record and without Libby or his attorney present was not contrary to clearly established federal law. *Libby*, 859 P.2d at 1059. Libby's reliance on *Morgan v. Illinois*, 504 U.S. 719 (1992), is misplaced because he had the opportunity to question all of the seated jurors about their willingness to follow the law when imposing a death sentence. His reference to *Draper v. Washington*, 372 U.S. 487 (1963), is unavailing because its holding does not specify that the portion of jury selection at issue in this case must be transcribed.

5

D.	*Claim Four*

The district court did not err by *sua sponte* identifying unexhausted claims in Libby's petition.  "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."  28 U.S.C. § 2254(b)(3).  Although the state argued that certain other claims were unexhausted in a pre-answer filing, it did not expressly waive the exhaustion requirement as to the remaining claims by merely declining to affirmatively assert that they were unexhausted before answering the petition.  *See* Rule 5(b) Governing Section 2254 Cases in the United States District Courts (requiring the state to identify unexhausted claims *in the answer*).  The district court did not err in ascertaining that the twelve claims listed in the certificate of appealability were not "fairly presented" to the state courts.  *See Baldwin v. Reese*, 541 U.S. 27, 33 (2004).

**AFFIRMED.**

Libby v. Neven, No. 11-16547

GRABER, Circuit Judge, concurring in part and specially concurring in part:

I concur in the result and in the analysis of Claims Two, Three, and Four.

With respect to Claim One, Libby argues that the Nevada courts' method of conducting comparative juror analysis contravened clearly established federal law as set out by the Supreme Court of the United States. For that reason, he argues, we should review this claim de novo. But even if we did so, I would not find purposeful gender discrimination in jury selection. Accordingly, I would affirm the judgment without considering (either explicitly or implicitly) whether the Nevada courts' legal analysis was flawed. In my view, the standard of review here does not determine the outcome.