**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ESSIE SIMPSON, III,<br><br>    Petitioner - Appellant,<br><br> v.<br><br>JOHN MARSHALL,<br><br>    Respondent - Appellee. | No. 12-55908<br><br>D.C. No. 2:09-cv-01825-MMM-AGR<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Essie Simpson III appeals the district court's denial of his petition for the

writ of habeas corpus. His appeal seeks to invalidate his guilty plea in California

state court to one count of possession of PCP for sale on the grounds that his

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

attorney was ineffective for failing to advise him that a guilty plea would require

Simpson to register as a gang member.  We affirm.

We consider *sua sponte* any requirement that "goes to subject matter

jurisdiction."  *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).  28 U.S.C. § 2254(a)

imposes a two-part jurisdictional test in habeas cases.  First, the petitioner must be

"in custody" when the petition is filed.  Second, he must be challenging "the

judgment of a State court only on the ground that he is in custody in violation of"

federal law.  28 U.S.C. § 2254(a).  To be "in custody," Simpson must be subject to

a sentence that "somehow limits [his] movement."  *Williamson v. Gregoire*, 151

F.3d 1180, 1183 (9th Cir. 1998).

Simpson fails to satisfy the second prong, because he is subject only to gang

registration, and cannot be granted relief from a completed prison sentence.[1]  Thus,

the remedy Simpson seeks "does not directly impact" his liberty.  *Bailey v. Hill*,

599 F.3d 976, 981 (9th Cir. 2010).  Since Simpson's liberty is not restricted, this

---

[1] California gang registration requires that Simpson register with the chief of police of the city in which he resides, and notify the chief of police of any city to which he moves within ten days.  California Penal Code § 186.30.  This is identical to the sex offender registration requirement that was held not to constitute custody in *Williamson*, except that Williamson had 14 days to register, not 10.  There is no restriction as to where Simpson can reside, either in California or out of state. Further, there is no requirement Simpson either notify authorities, nor seek their approval, should he wish to change residences.

court lacks habeas jurisdiction, and the district court's judgment denying the writ of habeas corpus is AFFIRMED.

FILED

NOV 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Simpson v. Marshall, No. 12-55908

PREGERSON, Circuit Judge, dissenting:

I dissent because I believe Simpson satisfies the second prong of the jurisdictional test stated in *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010). Simpson contends that his guilty plea was not knowingly made but was the result of ineffective assistance of counsel because counsel failed to advise him on the gang registration requirement. In other words, Simpson challenges the legality of his conviction and subsequent custody on the ground that it was imposed in violation of federal law. I agree with both parties that, under *Bailey*, this is enough to satisfy the second prong. *Id*. Accordingly, I would find jurisdiction and proceed to consider the merits of the habeas petition.