MEMORANDUM *
Essie Simpson III appeals the district court’s denial of his petition for the writ of habeas corpus. His appeal seeks to invalidate his guilty plea in California state court to one count of possession of PCP for sale on the grounds that his attorney was ineffective for failing to advise him that a guilty plea would require Simpson to register as a gang member. We affirm.
We consider sua sponte any requirement that “goes to subject matter jurisdiction.” Gonzalez v. Thaler, — U.S. -, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012). 28 U.S.C. § 2254(a) imposes a two-part jurisdictional test in habeas cases. First, the petitioner must be “in custody” when the petition is filed. Second, he must be challenging “the judgment of a State court only on the ground that he is in custody in violation of’ federal law. 28 U.S.C. § 2254(a). To be “in custody,” Simpson must be subject to a sentence that “somehow limits [his] movement.” Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir.1998).
Simpson fails to satisfy the second prong, because he is subject only to gang registration, and cannot be granted relief from a completed prison sentence.[1] Thus, the remedy Simpson seeks “does not directly impact” his liberty. Bailey v. Hill, 599 F.3d 976, 981 (9th Cir.2010). Since Simpson’s liberty is not restricted, this court lacks habeas jurisdiction, and the district court’s judgment denying the writ of habeas corpus is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. California gang registration requires that Simpson register with the chief of police of the city in which he resides, and notify the chief of police of any city to which he moves within ten days. California Penal Code § 186.30. This is identical to the sex offender registration requirement that was held not to constitute custody in Williamson, except that Williamson had 14 days to register, not 10. There is no restriction as to where Simpson can reside, either in California or out of state. Further, there is no requirement Simpson either notify authorities, nor seek their approval, should he wish to change residences.