NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID C. PATKINS, | No. 14-15818 |
| Petitioner-Appellant, | D.C. No. 1:13-cv-01591-LJO |
| v. | |
| K. HOLLAND, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

California state prisoner David C. Patkins appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition for lack of jurisdiction.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *see Bailey v.*

*Hill*, 599 F.3d 976, 978 (9th Cir. 2010), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his petition, Patkins challenges the outcome of a 2012 disciplinary hearing that resulted in a 30-day credit forfeiture, arguing that the hearing officer's finding that Patkins committed a violation was not supported by "some evidence." Because Patkins is serving an indeterminate sentence of 59 years to life, he will not be released until the Board of Parole Hearings determines that he is suitable for parole. *See* Cal. Penal Code § 3041. Moreover, because he was convicted of second-degree murder, he is not entitled to accrue credits against his sentence. *See* Cal. Penal Code § 2933.2. Therefore, success on his habeas claim would not necessarily lead to Patkins's immediate or earlier release from confinement and the district court correctly concluded that it lacked habeas jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), *cert. denied*, 137 S. Ct. 645 (2017).

**AFFIRMED.**