**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEVGENY EUGENE SELIVANOV, | No. 18-56214 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-05200-RSWL |
| v. | |
| XAVIER BECCERA, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Former California state prisoner Yevgeny Eugene Selivanov appeals from

the district court's judgment dismissing his 28 U.S.C. § 2254 habeas corpus

petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 2253(a),

and reviewing de novo, *see Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010), we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

It is a jurisdictional requirement that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  It is undisputed that Selivanov was no longer incarcerated or subject to post-release supervision at the time he filed his § 2254 habeas petition, but he contends that he is "in custody" for habeas purposes because he is prohibited from holding public office as a result of his California state conviction for embezzling public funds.  Selivanov's contention is foreclosed by controlling precedent:  the inability to hold public office is a collateral consequence that is not itself "sufficient to render an individual 'in custody' for the purposes of a habeas attack[.]" *Maleng*, 490 U.S. at 491-92; *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). Selivanov cites no authority to support his argument that this court should recognize an equitable exception to this rule in his case.

**AFFIRMED.**