NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL RICHARDSON,

　　　　　　Petitioner-Appellant,

　v.

BOARD OF PRISON HEARINGS,

　　　　　　Respondent-Appellee.

No.　18-55942

D.C. No.
5:16-cv-01733-CBM-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,** District
Judge.

　　Paul Richardson appeals the district court's dismissal of his Petition for writ

of habeas corpus with prejudice. Richardson argues, *and the Board concedes,* that

the district court erred in finding it had habeas jurisdiction over Richardson's

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

Petition. We agree. Therefore, the sole question before this Court is the relief available to Richardson on remand. We review a district court's decision to deny a petition for habeas corpus de novo. *Bailey v. Hill,* 599 F.3d 976, 978 (9th Cir. 2010). Similarly, a district court's assessment regarding whether it had subject-matter jurisdiction over a habeas petition is reviewed de novo. *Id.* We reverse the ruling of the district court and remand for further proceedings consistent with this disposition.

Paul Richardson was an inmate within the California Department of Corrections and Rehabilitation when he sought early parole from his 13-year sentence as a non-violent second strike offender. Richardson's request for early parole was denied. In December 2015, Richardson filed a complaint in the Northern District of California challenging the Board's decision without identifying a specific basis for relief. The Northern District screened Richardson's complaint under its 28 U.S.C. § 1915A(a) obligations and dismissed the complaint for failure to state a claim. Richardson proceeded to file a Petition for writ of habeas corpus on June 6, 2016, which brought claims for violations of the Eighth and Fourteenth Amendments. Attached as an exhibit to his Petition was a civil rights complaint. The district court interpreted the Petition as seeking immediate release from confinement, held that it had habeas jurisdiction over the action, and dismissed the Petition with prejudice. The district court issued a certificate of

appealability for the single issue of "whether the claims raised in the Petition were properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254(d), or whether the claims should have been raised in a civil rights action under 42 U.S.C. § 1983."

"Challenges to the validity of any confinement the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close,* 540 U.S. 749, 750 (2004) (citations omitted). This Court held in *Nettles* "that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds,* 830 F.3d 922, 931 (9th Cir. 2016) (citations omitted). Here, success on Richardson's Petition, as filed, would not necessarily result in his immediate release from prison. Rather, Richardson would merely be entitled to a new parole hearing. *Neal v. Shimoda,* 131 F.3d 818, 824 (9th Cir. 1997). The district court therefore erred in finding it had habeas jurisdiction over the action.

When faced with an improperly styled habeas petition, the district court must still consider whether the claims are amenable to being converted to a § 1983 complaint. "[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from

18-55942

the prisoner." *Nettles,* 830 F.3d at 936. A petition is amenable to conversion to a §

1983 action when "on its face…it names the correct defendants and seeks the

correct relief." *Id.* The district court did not consider the question of conversion.

In accordance with *Nettles,* the decision of the district court is reversed and

remanded with instructions to determine whether Richardson's Petition should be

converted to a § 1983 complaint.


**REVERSED AND REMANDED WITH INSTRUCTIONS.**

18-55942