NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO SALAS, | No. 16-16019 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-00831-LJO-EPG |
| v. | |
| M. D. BITER, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 6, 2019
San Francisco, California

Before: THOMAS, Chief Judge, PAEZ, Circuit Judge, and FEINERMAN,**
District Judge.

Appellant Pablo Salas ("Salas") was convicted of murder in Kern County

Superior Court. A jury found true that the murder was committed during a robbery

(the "robbery-murder special circumstance") and for the benefit of a criminal street

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

gang (the "gang-murder special circumstance"). Each special circumstance independently supports a sentence of life imprisonment without parole. *See* Cal. Penal Code § 190.2(a)(17)(A), (a)(22).

Salas filed a habeas petition in federal court, challenging the gang-murder special circumstance finding but not the robbery-murder special circumstance finding. The district court determined that it lacked jurisdiction under 28 U.S.C. § 2254(a) and dismissed the petition without reaching the merits of Salas's challenge. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's decision to deny habeas relief and its determination that it lacked subject-matter jurisdiction. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). We affirm and remand for further proceedings.

**1.** This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a federal court may grant habeas relief if it determines a person is "in custody" in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional and "requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Bailey*, 599 F.3d at 980. When the petitioner seeks a remedy that "does not directly impact—and is not directed at the source of the restraint on—his liberty," the nexus requirement is not satisfied. *Id.* at 981.

Here, the robbery-murder special circumstance standing alone requires a

2

sentence of life imprisonment without parole. *See* Cal. Penal Code § 190.2(a)(17)(A). Thus, regardless of the outcome of Salas's federal habeas challenge to the gang-murder special circumstance, the length of his custody would not change and he "would still have to serve the rest of his custodial sentence in the same manner." *Bailey*, 599 F.3d at 981. Accordingly, we hold that the district court did not err in concluding that it lacked jurisdiction under 28 U.S.C. § 2254(a).

**2.** After we heard oral argument in this case, Salas filed a petition for writ of habeas corpus in state court challenging the robbery-murder special circumstance finding. The petition was denied at each level of the state system.[1] Accordingly, Salas now seeks permission to amend his federal habeas petition to include his newly exhausted challenge to the robbery-murder special circumstance. *See* Dkt. 55. We remand to allow the district court to consider in the first instance whether Salas should be permitted to file an amended petition to include this claim. If the district court concludes that amendment is appropriate, such that Salas's challenges to both special circumstance findings are properly before the court, it may reconsider its prior jurisdictional ruling. We express no view whether leave to amend should be granted.

---

[1]    Salas requests that we take judicial notice of the state court habeas proceedings. *See* Dkt. 53. We grant the motion.

**3.** Finally, Salas seeks the appointment of counsel in any remanded district court proceedings. *See* Dkt. 55. In the interests of justice, we grant the request and direct the district court to appoint Meredith Fahn as counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).[2]

**AFFIRMED and REMANDED for further proceedings.**

---

[2]  Salas's Motion for an Order Directing Adjudication of Appellant's Newly Exhausted Claims on Remand (Dkt. 55) is denied as moot.