DLD-338                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1642
_____

ANTHONY STOCKER MINA,
Appellant

v.

DA THOMAS HOGAN; DAWSON R. MUTH;
GOLDBERG MEANIX MUTH  & MCCALLIN LAW FIRM;
JUDGE THOMAS G. GAVIN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-14-mc-00221)
District Court Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: September 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony Stocker Mina sought permission to file in forma pauperis a motion under Federal Rule of Civil Procedure 60(b) to overturn a 2008 state-court conviction for simple assault. The District Court granted Mina's motion to proceed in forma pauperis and then sua sponte denied the Rule 60 motion and dismissed his action.[1] The District Court advised Mina that, to challenge his state-court conviction, he must seek habeas corpus relief via a properly filed petition pursuant to 28 U.S.C. § 2254. Mina appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court properly dismissed Mina's Rule 60(b) motion seeking to overturn his state-court conviction. As the District Court advised Mina, he cannot challenge his state-court conviction in federal court under Rule 60(b). Instead, any attempt to overturn his state-court conviction must be brought, if at all, in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that sole federal remedy for a state prisoner contesting fact or duration of confinement is a writ of habeas corpus pursuant to 28 U.S.C. § 2254).

Accordingly, we will summarily affirm the judgment of the District Court.

---

[1] The District Court did so "without prejudice to him filing a habeas corpus petition." The District Court also directed the clerk to provide Mina with a current § 2254 form and an application to proceed in forma pauperis.