BLD-109                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3025
_____

LESLIE E. THOMAS,
                                        Appellant

v.

UNION COUNTY COURT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-00505)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 21, 2019

Before: AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed: February 27, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leslie Thomas appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his petition for a writ of error coram nobis for lack of jurisdiction. As we agree that the District Court lacked jurisdiction, we will summarily affirm the District Court's judgment.

Following a jury trial in 1995, Thomas was convicted of indecent assault, corruption of a minor, and endangering the welfare of a child. According to Thomas, he was released from prison over 24 years ago, after serving his criminal sentence. Thomas's coram nobis petition alleged that he was wrongly convicted because of errors committed by his attorney and the trial court. He asked the District Court to vacate his conviction and expunge his criminal record. The District Court dismissed Thomas's petition, determining that it lacked jurisdiction to grant the relief he sought.[1] Thomas appealed.[2]

---

[1] Thomas also filed documents in the District Court that were construed as motions to reconsider. The District Court denied those motions. Dkt. #53. Thomas did not appeal from that order, so we do not consider it here. See Fed. R. App. P. 4(a)(4)(B)(ii).

[2] We exercise plenary review of a district court's decision to dismiss for lack of subject matter jurisdiction. See GBForefront, L.P. v. Forefront Management Group, LLC, 888 F.3d 29, 34 n.5 (3d Cir. 2018). In determining whether the District Court had jurisdiction, we consider the allegations of the petition in the light most favorable to Thomas. See Giovanni v. Dep't of Navy, 906 F.3d 94, 102 (3d Cir. 2018). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

As the District Court properly determined, and as we have informed Thomas previously,[3] federal courts lack jurisdiction to entertain a petition for a writ of error coram nobis if the petitioner seeks to vacate a state court conviction. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). Thomas argues here, as he did in the District Court, that the state court "lost jurisdiction" because of the errors in his trial. Thomas does not support this argument by citation to authority, but even if he were correct, a loss of jurisdiction in state court would not somehow create jurisdiction in federal court. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994))).

Because the District Court properly dismissed Thomas's petition for lack of jurisdiction, we will summarily affirm the District Court's judgment.[4]

---

[3] In 2002, Thomas filed a petition for a writ of error coram nobis directly with this Court. We dismissed the petition for lack of jurisdiction. See C.A. No. 02-2423 (judgment entered July 24, 2002). We also transferred that petition to the District Court to be construed as a notice of appeal from the District Court's denial of his petition filed under 24 U.S.C. § 2254. We later denied Thomas's application for a certificate of appealability, noting that Thomas had failed to show that jurists of reason would find it debatable whether the district court was correct in ruling that his petition was untimely. See C.A. No. 02-3097.

[4] Thomas's motion for appointment of counsel and his other motions are denied.

3