DLD-043                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3798
_____

PHILLIP WOOD,
Appellant

v.

ELIZABETH HOGAN; DARIUS CHACINSKI; MS. JENNA CACCESE;
RICCARDO GRIPPALDI; PATRICIA FLEMING; JUSTYNA OBERSMIDT;
KAREN RAMCZAK; MARIA DEDURO; ROBERT ROTH; EDWARD MCGOWAN;
NYDIA SANTOS; DOUGLAS SMITH; REED GLADY; PATRICIA FOUNDOS;
GWENDOLYN JOHNSON; JOHN MAIN; GLEN FIGUERSON; BENITO MARTY;
ANN KLEIN FORENSIC CENTER; STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:13-cv-02453)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2019
Before: RESTREPO, PORTER and NYGAARD, Circuit Judges

(Opinion filed:  December 11, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Phillip Wood appeals pro se from the District Court's dismissal of his civil rights action. For the reasons that follow, we will summarily affirm that judgment.

I.

In 1981, the New Jersey Superior Court of Burlington County found Wood not guilty by reason of insanity ("NGI") on charges of felony murder and aggravated arson. The Superior Court involuntarily committed Wood to a state psychiatric hospital pursuant to N.J. Stat. Ann. § 2C:4-8 and State v. Krol, 344 A.2d 289 (N.J. 1975). Commitment under these circumstances is warranted when an NGI defendant cannot be released without posing a danger to the community or himself. See N.J. Stat. Ann. § 2C:4-8(b)(3). After an NGI defendant is committed, "periodic review hearings (*Krol* hearings) are held in a criminal proceeding on notice to the prosecutor to determine if continued involuntary commitment is warranted." In re Commitment of W.K., 731 A.2d 482, 483 (N.J. 1999) (per curiam). "[A]n NGI defendant may remain under *Krol* commitment for the maximum ordinary aggregate terms that [the] defendant would have received if convicted of the offenses charged, taking into account the usual principles of sentencing." Id. at 484. Wood's Krol commitment ended in 2010, at which point he was civilly committed to a state psychiatric hospital pursuant to N.J. Stat. Ann. § 30:4-27.15(a).[1]

---

[1] "[T]he burden for establishing the need for continued commitment [under Krol] is by a preponderance of the evidence, whereas in a civil commitment proceeding it is by clear and convincing evidence." In re Commitment of M.M., 871 A.2d 707, 710 (N.J. Super. Ct. App. Div. 2005).

In 2013, Wood filed a pro se civil rights complaint in the District Court pursuant to 42 U.S.C. § 1983. The complaint, which was brought against numerous employees of the psychiatric hospital at which he was currently committed, raised three claims. Two claims related to his treatment at the psychiatric hospital. The other claim alleged that two orders issued by the Superior Court years earlier had violated his due-process rights. The first of those orders, issued in July 2000, had suspended his Krol hearings while he served a prison sentence for crimes that he had committed in the psychiatric hospital. The second order, issued in October 2002, had set the maximum date for his Krol commitment (30 years), vacated the July 2000 order, remanded Wood to the psychiatric hospital for a psychiatric evaluation, and scheduled his next Krol hearing for December 2002.

In 2014, the District Court screened Wood's complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court concluded that his two treatment-related claims were subject to dismissal without prejudice to his ability to file an amended complaint. As for his claim challenging the two Krol-related orders (hereinafter "the Krol claim"), the District Court concluded that this claim was subject to dismissal *with* prejudice on preclusion grounds because he had previously attacked those orders in an unsuccessful federal habeas petition.

Thereafter, Wood amended his two treatment-related claims, and a United States Magistrate Judge appointed counsel to litigate them.[2] In 2016, the District Court

---

[2] In amending these two claims, Wood named additional defendants, including the State of New Jersey.

3

dismissed these claims with prejudice as to some of the defendants. Wood and the remaining defendants eventually reached a settlement as to these claims. However, the settlement agreement included a "carve out provision" that effectively permitted Wood to seek appellate review of his Krol claim. In November 2018, the parties filed a stipulation of dismissal, and the District Court entered an order dismissing the case with prejudice. This timely appeal followed.[3]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review over the District Court's dismissal of Wood's Krol claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[4] We may affirm that dismissal on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if this appeal fails to present a substantial question, see 3d Cir. I.O.P. 10.6.

Even if we were to assume for the sake of argument that Wood's Krol claim was not precluded by the resolution of his habeas proceedings, this claim would still be subject to dismissal with prejudice under § 1915(e)(2)(B)(ii). As noted above, the Krol claim was brought against numerous employees at Wood's psychiatric hospital.

---

[3] Wood's requests for expedited review of this appeal are denied.

[4] Wood does not appear to challenge the settlement of his two treatment-related claims. But even if he did intend to raise such a challenge, we see no reason to disturb the settlement.

However, because these defendants were not responsible for the July 2000 or October 2002 Krol orders, he does not have a viable claim against them. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018) (explaining that "a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation"). Of course, the Superior Court judge was the one responsible for those orders. But if Wood had brought his Krol claim against that judge, the claim would have been subject to dismissal under the doctrine of judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). And if Wood had brought this claim against the State of New Jersey, the claim would have been subject to dismissal under the Eleventh Amendment. See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). In short, Wood has no viable means of obtaining § 1983 relief on his challenge to the two Krol orders.[5]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[6] Wood's requests for appointment of counsel are

---

[5] There was no need for the District Court to liberally construe the Krol claim as another habeas petition. When Wood filed this claim in 2013, he was no longer under Krol commitment, and thus he was not "in custody" for habeas purposes. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (explaining that a district court has jurisdiction to entertain a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed"). Nor was there any good reason to liberally construe the Krol claim as a petition for a writ of coram nobis. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) (concluding that a litigant seeking to attack a state-court judgment cannot pursue coram nobis relief in federal court).

[6] To the extent that Wood alleges that the District Court was biased against him, that allegation is baseless.

denied, see Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), as are his numerous

requests for other, miscellaneous relief.[7]

---

[7] Wood has submitted dozens of filings in this appeal.  To the extent that these filings raise issues that are outside the scope of this appeal, we decline to address them.